UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. _____

MICHAEL R. DEAN, Co-Administrator C.T.A.
Estate of Helen P. Pauls,

AND

EVANTHIA F. PAPPAS, Co-Administrator C.T.A.
Estate of Helen P. Pauls,

Plaintiffs,

vs.

UNITED STATES OF AMERICA,

Defendant.

COMPLAINT
(JURY TRIAL DEMANDED)

NOW COME Plaintiffs Michael R. Dean and Evanthia F. Pappas, Co-Administrators C.T.A. Estate of Helen P. Pauls (hereinafter "Plaintiffs") and allege as follows:

1. Plaintiffs Michael R. Dean and Evanthia F. Pappas are Co-Administrators C.T.A. of the Estate of Helen P. Pauls (hereinafter "the Taxpayer"), a decedent estate administered under supervision of the Clerk of Superior Court of Mecklenburg County, North Carolina. The Plaintiffs reside at 3816 Sherwood Circle, Gastonia, NC 28056 and 2820 Arcadia Avenue, Charlotte, NC 28209 respectively. Attached as "Exhibit A" is a copy of Letters Administration C.T.A. issued by the Clerk of Superior Court of Mecklenburg County. The Taxpayer's tax identification number is 56-6613406.

2. Defendant is the United States of America (hereinafter, "the Government").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1346(a)(1) and Section 7422 of the Internal Revenue Code, as this is an action for the recovery of federal estate tax erroneously or illegally assessed and collected. Plaintiffs live within the Western District of North Carolina, where the Estate is being administered.

## FACTS

4. Recovery is sought of federal estate tax deposited on behalf of the Estate of Helen P. Pauls. Ms. Pauls died on April 11, 2003.

5. Nine months after the date of death was Sunday, January 11, 2004.

6. Because January 11, 2004 was a Sunday, the date to timely file Form 4768 – Application for Extension of Time to File a Return and/or Pay U.S. Estate (and Generation-Skipping Transfer) Taxes – was January 12, 2004, pursuant to IRC Section 7503.

7. On January 12, 2004, Plaintiffs timely filed Form 4768 with the Internal Revenue Service Center in Cincinnati, Ohio 45999. A copy of the Form 4768 is attached as "Exhibit B."

8. The U.S. certified mail receipt reflects that the Form 4768 in paragraph 7 above was received by the Internal Revenue Service on January 15, 2004. A copy of the U.S. certified mail receipt is attached as "Exhibit C."

9. The Plaintiffs timely deposited with the Form 4768 in paragraph 7 above an estimate of the federal estate tax of $700,200.00 to avoid the imposition of late payment penalties and interest. Attached as "Exhibit D" is a copy of the canceled check bearing number 122, dated "1/12/04," payable to the Service in the amount of $700,200.00.

10. The Form 4768 in paragraph 7 above was returned to Plaintiffs with the extension date requested of July 12, 2004 marked out and handwritten thereon the date of "07-11-04." This revised Form 4768 is attached as "Exhibit E."

11. The time period to file the Form 706 – United States Estate (and Generation-Skipping Transfer) Tax Return – was thus automatically extended until Sunday, July 11, 2004.

12. Because July 11, 2004 was a Sunday, the date to timely file Form 706 was extended to July 12, 2004 pursuant to IRC Section 7503.

13. On July 13, 2007, Plaintiffs filed Form 706 with the Internal Revenue Service Center in Cincinnati, Ohio 45999, a copy of which is attached as "Exhibit F," requesting a refund of federal estate tax in the principal amount of $333,445.00 plus interest. This refund claim was made on the original federal estate tax return.

14. The claim for refund was denied by the Department of the Treasury, Internal Revenue Service, Cincinnati, OH 45999-0038 by letter dated February 21, 2008, a copy of which is attached as "Exhibit G," asserting that the claim for refund was untimely.

15. On March 17, 2008, an appeal of this disallowance of the claim for refund was filed on behalf of the Taxpayer by Terry W. Lancaster, of C. DeWitt Foard & Company, P.A., Certified Public Accountants, 1001 Morehead Square Drive, Suite 450, Charlotte, North Carolina 28203, a copy of which is attached as "Exhibit H."

16. The Taxpayer's appeal was denied by Israel A. Weitzman, Appeals Officer, Internal Revenue Service, Appeals Office, 290 Broadway – 11th Floor, New York, NY 1007 by his letter of November 20, 2008, attached as "Exhibit I."

17. On December 30, 2008, William T. Belcher, Poyner Spruill LLP, 301 South College Street, Suite 2300, Charlotte, North Carolina 28202-6021, counsel for the Co-

Administrators C.T.A. and holder of the Taxpayer's Power of Attorney and Declaration of Representative (Form 2848), filed on behalf of the Taxpayer a request with Israel A. Weitzman that he reconsider his decision and grant the claim for refund of federal estate tax. A copy of Mr. Belcher's letter is attached as "Exhibit J."

18. On or about January 29, 2009, Mr. Weitzman advised Mr. Belcher to refile the claim for refund with the Service Center, Cincinnati, OH 45999 setting forth in that claim for refund the additional grounds set forth in his letter dated December 30, 2008. Mr. Weitzman advised that the Service Center would rule on this claim for refund, and if it agreed with the claim for refund, the Service would issue a check for refund of the estate tax of $333,445.00 plus interest. Mr Weitzman further advised that if the Service Center denied the claim for refund, the Taxpayer's claim for refund would return to the Appeals Office of the Service a second time. Mr. Weitzman further advised that the time period to file a refund action, if necessary, would not be extended and that any refund action must be filed on or before February 21, 2010.

19. The Taxpayer, through legal counsel, followed the instructions of Mr. Weitzman and filed an additional claim for refund, a copy of which is attached with attachments in binder form as "Exhibit K" with the Internal Revenue Service Center in Cincinnati, OH on February 17, 2009.

20. As set forth in the Exhibits attached hereto, the Taxpayer's claim for refund must be granted because:

    (A)    The Taxpayer's claim for refund is meritorious under applicable law;

    (B)    The claim for refund and federal estate tax return were in the same original federal estate tax return and thus filed simultaneously. Therefore, the estate's

claim for refund was properly filed within three years from the date the federal estate tax return was filed.

(C)   The amount of $700,200.00 forwarded with the Form 4768 was a deposit with the Service to avoid the assessment of penalties for late payment and interest. It was not the payment of federal estate tax. The federal estate tax was not paid until the federal estate tax return was filed, making the claim for refund timely.

(D)   The North Carolina Department of Revenue (NCDR) has rules that are substantially the same as the rules of the Service on time periods for a claim for refund of estate tax. The Taxpayer made deposits to and filed an estate tax return and claim for refund with NCDR at the same time that Taxpayer filed its claim for refund of federal estate tax with the Service. NCDR promptly refunded to the Taxpayer all amounts claimed.

21.   The claim for refund filed on February 17, 2009 was denied by R. A. Mitchell, Director, Campus Compliance, Cincinnati, Department of the Treasury, Internal Revenue Service, Cincinnati, OH 45999-0021 by letter dated June 4, 2009, a copy of which is attached as "Exhibit L."

22.   Mr. Belcher, on behalf of the Taxpayer, by letter of June 9, 2009, a copy of which is attached as "Exhibit M," appealed Mr. Mitchell's decision, and requested a hearing with the Appeals Office of the Service.

23.   Having received no response from the Service concerning the appeal set forth above, Mr. Belcher contacted the Service. Mr. Belcher confirmed this call in a letter dated November 13, 2009, a copy of which is attached as "Exhibit N." As illustrated by Exhibit N, the

Service advised Mr. Belcher that the Taxpayer's request for a hearing was denied, and Mr. Belcher attempted to determine the position of the Service with regard to the denial.

24. Mr. Belcher again contacted the Service on November 16, 2009. Mr. Belcher confirmed that call in a letter dated November 16, 2009, a copy of which is attached as "Exhibit O." As illustrated by Exhibit O, Mr. Belcher again requested a hearing with the Appeals Office of the Service.

25. Despite these efforts to determine the position of the Service with regard to this matter, the Appeals Office of the Service has failed to schedule a hearing. Thus, the Taxpayer has exhausted all administrative procedures precedent to bringing this action.

26. The Taxpayer, through Plaintiffs, timely filed with the Service the claim for refund of federal estate tax, and the Taxpayer is entitled to refund of federal estate tax in the amount of $333,445.00, together with costs and interest.

WHEREFORE, Plaintiffs, on behalf of the Taxpayer, demand judgment as follows:

1. That they have and recover from the Government the sum of $333,445.00, together with appropriate interest until paid in full;

2. That the costs of this action be taxed against the Government;

3. That all issues of fact be determined by jury; and

4. That the Court order such other and further relief as it may deem just and proper.

This the 13th day of January, 2010

                                            **POYNER SPRUILL LLP**

By:   <u>s/ E. Fitzgerald Parnell, III</u>
         E. Fitzgerald Parnell, III
         N.C. State Bar No.: 5781
         One Wachovia Center
         301 South College Street, Suite 2300
         Charlotte, NC 28202
         Telephone: 704.342.5252
         Facsimile: 704.342.5264
         Email: eparnell@poynerspruill.com

         **COUNSEL FOR PLAINTIFFS**

STATE OF NORTH CAROLINA                                           VERIFICATION

COUNTY OF _Gaston_

      Michael R. Dean, Co-Administrator CTA Estate of Helen P. Pauls, being first duly sworn, deposes and says the he is the Co-Administrator CTA for the Estate of Helen P. Pauls, Plaintiff in this action; that he has read the foregoing Complaint and knows the contents thereof, and that the allegations are true of his own knowledge except as to matters stated upon information and belief, and as to those matters, he believes them to be true.

                                      _/s/ Michael R. Dean_
                                  Michael R. Dean, Co-Administrator CTA for the Estate of Helen P. Pauls

Sworn to and subscribed before me,
this __6__ day of January, 2010.

_/s/ Kelly A Carpenter_
        Notary Public

My Commission expires: __My Commission Expires April 2, 2014__

(NOTARY SEAL)

STATE OF NORTH CAROLINA                                    VERIFICATION

COUNTY OF MECKLENBURG


   Evanthia F. Pappas, Co-Administrator CTA Estate of Helen P. Pauls, being first duly sworn, deposes and says that she is the Co-Administrator CTA for the Estate of Helen P. Pauls, Plaintiff in this action; that she has read the foregoing Complaint and knows the contents thereof, and that the allegations are true of her own knowledge except as to matters stated upon information and belief, and as to those matters, she believes them to be true.

*Evanthia F. Pappas*
Evanthia F. Pappas, Co-Administrator CTA for the
Estate of Helen P. Pauls

Sworn to and subscribed before me,
this  8  day of January, 2010.

*Amanda James*
Notary Public

My Commission expires: 4-19-2011

(NOTARY SEAL)